# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANDERS COLLECTION INC., | Case No.: 24-cv-10045 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| DBEST PRODUCTS, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff, Sanders Collection Inc. ("Sanders"), by its attorneys, for its complaint against Defendant dbest Products, Inc. ("dbest"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for a Declaratory Judgment of no patent infringement under the U.S. Patent laws, 35 U.S.C. § 1 *et seq*. Specifically, Sanders seeks a Declaratory Judgment that its products do not infringe upon U.S. Patent No. 12,103,576 (the "'576 Patent"), which has been asserted against Sanders by Defendant dbest to Amazon.com, Inc. ("Amazon"), and has caused Amazon to have delisted Sanders' products from its ecommerce platform. A true and correct copy of the '576 Patent is attached as **Exhibit 1**.

2. Sanders also asserts that dbest committed acts of unfair competition under New York law by falsely stating to Amazon that Sanders has infringed upon dbest's '576 Patent that. For the same conduct, Plaintiff asserts related claims under New York Law for tortious interference with an existing business relationship.

3. Further, because this action presents an actual controversy with respect to patent infringement, this Court may grant declaratory relief of non-infringement of '576 Patent") pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

4. Plaintiff Sanders Collection Inc. is a corporation organized under the laws of New York, with its principal place of business at 10 Hilda Lane, Monsey, NY, United States 10952 (hereinafter referred to as "Sanders").

5. Upon information and belief, Defendant dbest products, Inc. is organized and existing under the laws of the state of California, with its principal place of business at 16506 S. Avalon Blvd., Carson, California 90746 (hereinafter referred to as "Sanders").

6. Upon information and belief, dbest is the Assignee of the '576 Patent.

## JURISDICTION AND VENUE

7. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and 28 U.S.C. §§ 2201–2202. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a). Further, this Court has subject matter jurisdiction over the remaining claims under 28 U.S.C. § 1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts. As discussed further below in paragraphs 7-15, an actual and justiciable controversy exists between Sanders and dbest as to non-infringement of the '576 Patent.

8. In addition, this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), in that it is a civil action between citizens of different States in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. An actual case or controversy exists giving Sanders standing under Article III of the United States Constitution to file this declaratory judgment action pursuant to 28 U.S.C. §§ 2201, 2202.

10. Venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400.

11. Upon information and belief, this Court has personal jurisdiction over dbest because a substantial portion of the events or occurrences giving rise to the claims at issue herein arose with this judicial district, because dbest availed itself of the privilege of exploiting Sanders' business in New York and by reasons of dbest's contacts in the State of New York. Dbest is maintaining a website accessible in the State of New York, marketing and selling products to customers in the State of New York and derives substantial revenue from intrastate and interstate commerce through dbest's Amazon website within this district having injurious consequences within this district, and dbest is otherwise within the jurisdiction of this Court. Without limitation, dbest has caused their products, including their competing products, to be offered, sold and shipped into this judicial district.

12. In accordance with N.Y.C.P.L.R. § 301, this Court has general personal jurisdiction over dbest because it regularly solicits and conducts business in New York through sales on Amazon.com and other websites.

13. In accordance with N.Y.C.P.L.R. § 302(3)(i), this Court has specific personal jurisdiction over dbest because dbest's wrongful conduct has intentionally caused harm to Sanders in this District.

## FACTS RELEVANT TO ALL CLAIMS

14. Sanders was founded over seventy (70) years ago. Sanders has been and remains a leading importer and seller of high-end home and hospitality products, especially, textile and bedding products. Sanders offers many other consumer products such as home goods,

kitchenware, and furniture, among others. Presently, the company offers thousands of different products to end consumers in the United States.

15. Sanders' brand name offerings include the following: CLARA CLARK, GOTO, JOYTABLE, HEARTH & HARBOR, and other famous brand names.

16. Sanders markets and sells its products directly through its own portal www.sanderscollection.com, and through a third-party ecommerce portal on Amazon

17. The Amazon selling portal is extremely important to Sanders' business. The company has spent years developing its presence on Amazon and developing trust with Amazon and Amazon's consumers.

18. Any threats to Sanders' good standing with Amazon is significant. One area of potential risk to Sanders is that a third-party will allege that a Sanders product infringes upon the third-party's intellectual property rights such as a patent, copyright or trademark.

19. Multiple IP infringement allegations against a seller, such as Sanders, on Amazon can lead to the seller's entire store (or stores) being shuttered permanently.

20. As is set forth herein, dbest is responsible for an allegation of patent infringement to Amazon, and against Sanders.

21. The product at the heart of this lawsuit is a stackable collapsible cart. This product is depicted in **Exhibit 2** attached hereto.

22. The basis for this allegation is under the '576 Patent, titled "Stackable Collapsible Carts."

23. The '576 Patent issued on Oct. 1, 2024 to named inventor Richard Elden.

24. The face of the '576 Patent's states that the assignee is dbest products, Inc.

25. On or about November 26, 2024, Sanders received a notice of alleged patent infringement ("Notice") through its Amazon message portal from Amazon. A true and correct copy of the Notice is attached as **Exhibit 3**.

26. The Notice stated that Amazon "received a report from a rights owner alleging that one or more of your listings may be infringing on the intellectual property rights of others."

27. Additionally, the Notice identified the allegedly infringed patent number as the '576 Patent and provided the contact information for the owner of the '576 Patent as kpereira@dbestproducts.net.

28. Specifically, the Notice specified that the following ASINS were to be delisted from Amazon due to alleged infringement of the '576 Patent : B0CBMMY5H8, B0D5LXNDHP, B0D5LZVLSY, B0DGPX45P7, B0BNHW6W4H, B0CNSQGYXJ, B0D7D64TJC, B0DG55RL9H, B0D7F86TPF, B0D7FPL3RD, B09TXW9NZN, B0CBMKQ37R, B0BNMMPZDL, B0D7FCMLNR, B0CN1CVJT2, B0CQ4DT9J1, B0D7FSGQJV, B0DFD33SHV, B0CSKSQDPV, B0DFLTQCWW, B0CBMLM355, B0DKNLQZ4F, B0DLZPL2Q3, B0DLZL5TKW, B0DFM47WXY, B0DLZYDFWY, B09QPFWJ1G, B0CBMM3LLQ, B0CN4C2JNF, B0CBML467H, B0DGD2TMV7, B0D2VRFZL9, B0DLZDVCHG, B0DBL61RH3, B0CN4BFVDF, B0DLZSWJHN, B0BCYSXSMB, B0D7F96S2P, B0D7D2RDM9, B0CBMNTRCR, B0D7FC13HC (collectively, "Accused Products").

29. Amazon does not adjudicate the validity of patents. Rather, when presented with a patent, Amazon presumes that the patent is valid and enforceable

30. Therefore, on or around November 26, 2024, Amazon delisted Sanders' Accused Products due to the alleged "patent infringement" and informed Sanders that if it believes the

5

account was deactivated in error, Sanders should include and explanation of (1) how Sanders' account has not violated the Intellectual Property policy and (2) evidence that shows Sanders' account complies with our Intellectual Property policy. The Notice also provided Sanders two options for reactivating the Accused Products on Amazon: (1) obtain a letter of authorization from the rights owner or (2) obtain a licensing agreement from the rights owner.

31. Following the delisting of Sanders' Accused Products, Sanders wrongfully and unjustly lost numerous sales of its Accused Products and Sanders' Amazon Seller Performance Score has been reduced.

32. On December 4, 2024, Sanders' counsel sent a letter to Amazon asserting that Sanders' "[Accused Products] do not infringe on the '576 patent and the [Accused Products] should be reinstated."

33. Amazon or its representatives have yet to respond.

34. On December 11, 2024, Sanders' counsel sent a letter by email to kpereira@dbestproducts.net in response to the Notice. A true and correct copy of the December 11, 2024 letter is attached as **Exhibit 4.** In the letter, Sanders' counsel stated that "our Client's products do not infringe [the '576 Patent], and we require the immediate retraction of the Amazon complaint." The letter further states that:

- Sanders' Accused Products cannot infringe claim 1 of the '576 Patent because the Accused Products do not "contain a first track that extends from a first position on the first right panel to a second position on the second right panel or a first slideable member," as stated in claim 1. Rather, Sanders' Accused Products "contain a magnetic closure system" that is "in stark contrast to the sliding mechanism shown in the '576 Patent.

6

- Sanders' Accused Products cannot infringe claim 11 of the '576 Patent because the Accused Products do not contain a lock assembly nor a right sidewell with a third right panel, wherein the second right panel and the third right panel conform in shape to collectively cover the opening in the first right panel, as required by claim 11. The Accused Products only contain magnets "that allow for the closing or opening of the [Accused Products]."

- Sanders' Accused Products cannot infringe claim 15 of the '576 Patent because the Accused Products contain no lock assembly, whereas claim 15 requires "a lock assembly integrated with the first and second right panels…."

35. Accordingly, the December 11, 2024 letter states that Sanders reserves all rights, including to seek its fees and costs, "for having to bring an action in view of dbest's failure to properly conduct an adequate infringement analysis and its pursuit of meritless infringement complaints sent to Amazon that severely prejudiced our Client."

36. In response to the December 11, 2024 letter, on December 17, 2024, kpereira@dbestproducts.net responded stating "We acknowledge the receipt of your email. We are currently analyzing it and will get back to you as soon as possible. Thanks." Amazon's response left the issue unresolved and maintained the pressure and apprehension of being sued on Sanders.

- Sanders lost profits are accumulating each day dbest maintains its infringement position and does not retract its infringement allegations initially sent to Amazon.

- In addition, dbest, through its outside counsel, continues to hold Sanders in a state of uncertainty. Specifically, dbest has previously asserted the '576 Patent against various companies including iBeauty Limited Company, Taizhou

7

       Luqiao Shengqiang Housewares Factory, and Shenzhen Yihong Technology Co., Ltd all within the last year.

- dbest has a history of willfully exploiting covenant's not to sue with potential counterparties to manipulate venue selection, forcing those counterparties to the agreed-upon location in the covenant. This tactic disadvantages counterparties and is a deliberate scheme by dbest to secure favorable venue in declaratory judgment cases. *See ECR4Kids, L.P. v. Dbest Products, Inc.*, No. 2:24-cv-04523-MCS-AJR, 2024 U.S. Dist. LEXIS 162858, at *1 (C.D.C.A Sep. 10, 2024).

- A declaration by the Court will serve a useful purpose in clarifying or settling the legal issues involved, will finalize the controversy and offer relief from uncertainty, and will help avoid the accrual of potential damages and additional litigation.

37. To date, dbest refuse to retract their fraudulent allegations against Sanders.

38. Consequently, dbest continues to weaponize the '576 Patent against Sanders and they refuse to withdraw their "patent infringement" allegations from Amazon.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment of Non-Infringement of the '576 Patent)**

39. Sanders restates and realleges each of the assertions set forth in the paragraphs above.

40. This is an action for Declaratory Judgment that Sanders' sale of its Accused Products does not infringe on any patent rights of dbest, specifically, the '576 Patent.

41. Specifically, Sanders has not infringed and does not infringe any claim of the '576 Patent directly or indirectly, either literally or under the doctrine of equivalents.

- For example, and without limitation, claim 1 of the '576 Patent requires: "a first track formed along the first right panel and the second right panel extending from a first position on the first right panel to a second position on the second right panel; and a first slideable member cooperatively engaged to the first track…." Sanders does not practice this limitation because the Accused Products do not have "a first track formed along the first right panel and the second right panel extending from a first position on the first right panel to a second position on the second right panel; and a first slideable member cooperatively engaged to the first track" as defined in the specification of the '576 Patent. Sanders' Accused Products all have magnetic closure systems that are in stark contrast to the sliding mechanism shown in the '576 Patent. This is further shown by **Comparison Chart 1**, below.

**Comparison Chart 1**





- In addition, for example, and without limitation, claims 11 and 15 of the '576 Patent require: "a first lock assembly integrated with the first right panel and the second right panel, the first lock assembly having a first condition for locking the first right panel to the second right panel, and a second condition for unlocking the first right panel from the second right panel." Sanders does not practice this limitation because the Accused Products do not have "a first lock assembly integrated with the first right panel and the second right panel, the first lock assembly having a first condition for locking the first right panel to the second right panel, and a second condition for unlocking the first right panel from the second right panel" as defined in the specification of the '576 Patent. Sanders' Accused Products have no lock assembly at all, as shown in Comparison Chart 2 below.

11

**Comparison Chart 2**



- Hence, it is evident that the substantial differences outlined here hold true under both the literal interpretation and the doctrine of equivalents. Thus, Sanders' Accused Products do not infringe claims 11 and 15.

- Further, Sanders' Accused Products—whether as a single unit or as part of a combined structure formed by stacking multiple units—neither possesses, nor is designed to incorporate, nor requires any configuration that allows the right and left sidewalls to fold inward in a closed condition. This limitation arises from its entirely rigid construction. Even when multiple units are stacked to

form a combined structure, the resulting assembly remains incapable of performing any folding actions. Thus, the Accused Products cannot meet the limitation in claims 11 and 15 where "the right sidewall and the left sidewall are configured to fold inwardly in the closed condition."

- Based on the discussion above, it is evident that the substantial differences outlined above hold true under both the literal interpretation and the doctrine of equivalents. Therefore, Sanders' Accused Products do not infringe claims 1, 11, and 15.

- Because the independent Claims 1, 11, and 15 are not infringed, neither are the remaining fifteen (15) dependent claims. *Ferring B.V. v. Watson Labs., Inc.,* 764 F.3d 1401, 1411 (Fed. Cir. 2014) (finding that "If an accused product does not infringe an independent claim, it also does not infringe any claim depending thereon.")

- There is an actual controversy, within the meaning of 28 U.S.C. § 2201 and § 2202, between Sanders and dbest concerning the non-infringement of the '576 Patent. dbest's baseless infringement report on Amazon.com along with dbest's recent litigation history caused an imminent and real threat of an infringement lawsuit. In addition, Sanders has incurred substantial losses, both financial and in terms of goodwill.

- Sanders is therefore entitled to a declaratory judgment that it has not infringed the '576 Patent, directly or indirectly, either literally or under the doctrine of equivalents and to recover damages caused by dbest.

42. By reason of the foregoing, Sanders is suffering and will continue to suffer irreparable harm from dbest's acts, in the manner set forth above, unless a Declaratory Judgment issues that Sanders does not infringe the '576 Patent.

43. Also, by reason of the foregoing, Sanders is suffering and will continue to suffer irreparable harm, unless and until the Court directs dbest to withdraw its complaint to Amazon.

**SECOND CLAIM FOR RELIEF**
**(Tortious Interference)**

44. Sanders restates and realleges each of the assertions set forth in the paragraphs above.

45. Sanders had economic relationships with Amazon and end-user consumers regarding the sales of the Accused Products. These relationships provided Sanders with the probability of future economic benefits in the form of more sales of the Accused Products.

46. dbest was aware of these relationships as evidenced by dbest's acts designed to disrupt those relationships.

47. In particular, dbest sent a written complaint notice to Amazon.com accusing Sanders of patent infringement, with the specific intent that Amazon.com terminate Sanders' listings for its Accused Products.

48. dbest sent that complaint notice in bad faith, with malice, oppression, and fraud. Specifically, dbest in bad faith refused to withdraw this complaint notice after being shown that the Accused Products do not contain the material limitations disclosed in the '576 Patent.

49. dbest's complaint notice caused the actual disruption of Sanders' relationship with Amazon.com in that Amazon.com terminated Sanders' listings for its Accused Products.

50. dbest's complaint notice also caused the actual disruption of Sanders' relationships with end-user consumers because those consumers are no longer able to purchase the Accused

Products on Amazon.com.

51. As explained above, dbest's written notices of infringement to Amazon.com may lead to the complete suspension of Sanders' entire Amazon seller account.

52. dbest's conduct caused actual economic harm to Sanders in the form of lost sales of the Accused Products formerly listed on Amazon.com.

53. dbest thus, has engaged in tortious interference with Sanders' business relations.

### THIRD CLAIM FOR RELIEF
### (Unfair Competition)

54. Sanders restates and realleges each of the assertions set forth in the paragraphs above.

55. Sanders sells the Accused Products on the Amazon.com marketplace to end-users.

56. dbest knowingly and maliciously contacted Amazon.com regarding Sanders' alleged infringement of the '576 Patent without first informing Sanders of the '576 Patent or Sanders' alleged infringement of the '576 Patent prior to contacting Amazon.com.

57. dbest's claim of infringement reported to Amazon.com was knowingly false and done in an effort to remove Sanders' Accused Products to gain an unfair competitive advantage over Sanders and damage its goodwill on the Amazon.com marketplace.

58. dbest's activities constitute deceptive acts or practices in the conduct of business trade or commerce that have damaged Sanders' business reputation and sales.

59. As a result of dbest's interference, Sanders has and continues to lose profits and suffer harm to its business reputation.

**PRAYER FOR RELIEF**

**WHEREFORE,** Sanders respectfully requests the following relief:

(a) That the Court enter a judgment declaring that Sanders has not infringed and does not infringe any claim of the '576 patent, directly or indirectly, either literally or under the doctrine of equivalents;

(b) That the Court enter a judgment that dbest has tortiously interfered with Sanders' business relations with Amazon and end-user consumers;

(c) That the Court enter a judgment that dbest have competed unfairly with Sanders;

(d) Ordering dbest to inform Amazon that its complaints against Sanders are withdrawn, and that Amazon should re-list the Accused Products.

(e) That the Court enter a judgment that this is an exceptional case under 35 U.S.C. § 285 and award Sanders its costs, expenses, and reasonable attorneys' fees incurred in this action;

(f) That the Court award Sanders any and all other relief to which Sanders may show itself to be entitled; and

(g) That the Court grant such additional and other relief as it deems just and proper.

**DEMAND FOR JURY TRIAL**

Sanders respectfully requests a trial by jury as to all issues triable to a jury.

Dated: December 26, 2024  
New York, NY

**GARSON, SÉGAL, STEINMETZ, FLADGATE LLP**

By: <u>*/s/Michael Steinmetz*</u>
Michael Steinmetz
164 West 25th Street, 11R
New York, NY 10001
Tel: (212) 380-3623
Email: ms@gs2law.com

*Attorneys for Plaintiff Sanders Collection Inc.*