April 2, 2025

**VIAECF**
Honorable Arun Subramanian
United States District Judge
United States District Court
Southern District of New York
500 Pearl St.
Courtroom: 15A
New York, NY 10007

         **Re:**   *Sanders Collection Inc. v. dbest Products, Inc.*
               **24-cv-10045 (AS)**
               **Initial Conference April 8, 2025 - 3:30 p.m.**

Dear Judge Subramanian:

Plaintiff Sanders Collection Inc. ("Plaintiff and defendant dbest Products, Inc. ("Defendant") write jointly to provide the information requested by the Court in its January 3, 2025 Notice of Initial Pretrial Conference (Dkt. No. 5)

    1.    **A brief statement of the nature of the action and the principal defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;**

    Plaintiff asserts a cause of action for a Declaratory Judgment of no patent infringement under 35 U.S.C. § 1 *et seq.*, alleging that its products do not infringe U.S. Patent No. 12,103,576 ("'576 Patent"). Defendant dbest Products, Inc. asserted the '576 Patent against Plaintiff to Amazon.com, Inc. ("Amazon"), causing Amazon to delist Plaintiff's products. Plaintiff also asserts claims against Defendant under New York law for unfair competition and tortious interference with an existing business relationship, alleging that Defendant falsely accused Plaintiff of patent infringement.

    Defendant submits that this action concerns infringement of its '576 Patent. Defendant is a leading innovator and seller of portable carts in the United States. Its products are frequently featured on the QVC and HSN television networks and websites, and its founder and owner was featured on the ABC show *Shark Tank*. Although Defendant has not yet responded to the Complaint, it expects to deny Plaintiff's claims of non-infringement and to assert at least one counterclaim of infringement of the '576 Patent. Defendant anticipates seeking compensatory and treble [or exemplary] damages for Plaintiff's willful patent infringement. Defendant further submits that Plaintiff's state law claims for unfair competition and tortious interference are preempted by federal patent law, barred by the Noerr-Pennington doctrine, and otherwise fail to state a claim upon which relief can be granted. Accordingly, Defendant intends to file a motion to dismiss pursuant to Fed. R. Civ. P. 12. Once the Court rules on that motion, Defendant will respond to the Complaint.

2. **A brief explanation of why jurisdiction and venue lie in this Court;**

Federal question jurisdiction lies in this Court as this action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. The Court also has supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367. Additionally, diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1), as the parties are citizens of different states and the amount in controversy exceeds $75,000.

3. **A statement of all existing deadlines, due dates, and/or cut-off dates;**

Defendant's Answer is due April 4, 2025. Currently, a Pretrial Conference is set for April 8, 2025. At this time, further existing deadlines, due dates, and/or cut-off dates are pending with the submission of the Proposed Civil Case Management Plan and Scheduling Order and the Preliminary Case Management Addendum (Patent). Attached hereto as **Exhibit A** is Plaintiff's Proposed Civil Case Management Plan and Scheduling Order, **Exhibit B** is Defendant's Proposed Civil Case Management Plan and Scheduling Order.

Defendant submits that, because key deadlines would be triggered by the Court's ruling on its forthcoming motion to dismiss, it remains uncertain when the Preliminary Case Management Addendum (Patent) would take effect. It would be premature to have Defendant serve infringement contentions before it respond to the Complaint and/or assert counterclaim of infringement. The scope of discovery will also depend significantly on the outcome of the motion. For example, if the Court denies the motion, Plaintiff may pursue discovery related to its damages theories under state law claims. Conversely, if the Court grants the motion, Plaintiff would have no basis to seek such discovery from Defendant. To streamline the proceedings and simplify the issues before the Court, Defendant respectfully requests that the Court schedule a second conference following its decision on the motion to dismiss to determine the appropriate scope and scheduling of discovery and case deadlines.

Plaintiff submits that a stay of discovery is not appropriate, even as to the state law claims targeted by Defendant's anticipated motion to dismiss. Those claims are based on the same underlying conduct as the patent-related claims and involve overlapping factual issues. There is no basis to delay discovery, which should proceed on all claims in accordance with the Proposed Civil Case Management Plan and Scheduling Order.

Plaintiff further states that Defendants attempted to force a Patent Addendum schedule as if a stay of this matter pending a motion to dismiss was a fait accompli. A streamlined proceeding would simply move the matter forward with discovery even if a motion to dismiss was filed. Plaintiff therefore respectfully request that the court set a full schedule for discovery at the initial conference.

4. **A brief description of any outstanding motions;**

There are no outstanding motions. As noted above, Defendant intends to file a motion to dismiss Plaintiff's state law claims for unfair competition and tortious interference.

Plaintiff notes that while Defendant intends to move to dismiss the state law claims, that anticipated motion provides no basis to delay discovery. The claims are factually intertwined, and discovery should proceed on all claims without interruption.

5. **A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;**

No discovery has taken place in the action.

Defendant anticipates taking document and testimonial discovery on at least the following issues:
   a. The design and operation of Plaintiff's products;
   b. The factual basis for Defendant's infringement contentions;
   c. The factual basis for Plaintiff's proposed claim construction and non-infringement positions;
   d. Document and testimonial discovery relating to damages, including the reasonable royalty factors identified in *Georgia Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970); and
   e. Document and testimonial discovery relating to facts relevant to the following legal issues:
      i. The proper construction of asserted claims of the '576 Patent;
      ii. The infringement of the '576 Patent;
      iii. Whether Plaintiff willfully infringed the '576 Patent;
      iv. Whether Defendant is entitled to an award for treble damages pursuant to 35 U.S.C. § 284;
      v. Whether Defendant is entitled to enhanced damages for Plaintiff's alleged willful infringement;
      vi. Whether Defendant is entitled to attorney's fees pursuant to 35 U.S.C. § 284;
      vii. Whether Defendant is entitled to pre-suit damages pursuant to 35 U.S.C. § 287; and
      viii. Whether Defendant is entitled to an injunction enjoining Plaintiff and all parties acting in concert from infringement of the '700 Patent;

6. **A brief description of the status of prior settlement discussions, without disclosing exact offers and demands;**

There has been no settlement discussion in this action.

7. **A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a**

settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (e.g., within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate;

The parties have discussed the use of alternative dispute resolution. Plaintiff does not believe the use of a mediator would be the best option at this time, but remains open to informal, direct settlement discussions between the parties. While Defendant is open to informal, direct settlement discussions, it believes that early mediation in this case before the Court would be beneficial to see if the parties can reach an amicable business resolution, and thus, is open to a settlement conference before a Magistrate Judge.

8. **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

Plaintiff opposes Defendant's request to defer case scheduling until after resolution of its anticipated motion to dismiss. No motion has been filed, and the claims—both patent and non-patent—arise from the same operative facts. There is no justification for delaying entry of a full case schedule or for bifurcating discovery. The existing framework under the Proposed Civil Case Management Plan and Scheduling Order, already provides a logical and efficient path forward. The case should proceed without unnecessary fragmentation or delay.

Defendant submits that, in light of its intention to file a motion to dismiss and potentially assert infringement counterclaims following the Court's ruling, the case should proceed using the following phases: (1) fact discovery and exchange of contentions; (2) identification and briefing of claim construction issues, (3) expert reports and depositions following the Court's *Markman* ruling; and (4) summary judgment. This phased approach to discovery is consistent with the Court's Case Management Addendum (Patent), would provide clarity to the parties regarding the Court's claim construction, and may facilitate resolution of the case through settlement.

As noted above, Defendant respectfully requests that the Court schedule a follow-up conference after it rules on Defendant's motion to dismiss to evaluate whether any modifications to the Civil Case Management Plan and Scheduling Order, or to the Preliminary Case Management Addendum (Patent), are warranted.

The Parties thank the Court for its attention this matter.

By April 7, 2025, the parties must submit a single case management plan with jointly agreed upon deadlines. The Court's general practice is not to stay discovery for the purpose of adjudicating a motion to dismiss. After defendant files its anticipated motion to dismiss, it's free to move to stay discovery. But it's far from clear that a stay would be justified here, given that defendant anticipates moving to dismiss only plaintiff's state-law claims.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: April 3, 2025

Respectfully submitted,

**Garson Segal Steinmetz Fladgate LLP**
*Attorneys for Plaintiff*

By:  _____/s/_____
Michael Steinmetz
ms@gs2law.com

4