**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SANDERS COLLECTION INC.,

                        Plaintiff,

      v.

DBEST PRODUCTS, INC.,

                        Defendant.

CIVIL ACTION NO. 24-CV-10045-AS

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF ITS MOTION TO DISMISS STATE LAW TORT CLAIMS**

Dated: April 4, 2025

MERTZEL LAW PLLC
Nancy J. Mertzel
1204 Broadway, 4th Floor
New York, NY 10001
Tel: 646-965-6900

ORBIT IP, LLP
Ehab M. Samuel (pro hac vice to be filed)
David A. Randall
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
Tel: 310-887-1333

Attorneys for Defendant

# TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................... 1

II.     FACTUAL BACKGROUND............................................................................... 1

III.    LEGAL STANDARDS ...................................................................................... 2

IV.     ARGUMENT...................................................................................................... 3

    A.  Federal Patent Law Preempts Sanders' State Law Claims.................................................. 3

    B.  Noerr-Pennington Doctrine Bars Sanders' State Law Claims............................................. 6

    C.  Sanders Fails to State a Claim for Tortious Interference Under New York law ................. 9

        1.  The Complaint does not State a Claim for Tortious Interference with Contract
            Because it has not Alleged a Contract or that dbest's Infringement Notice
            Caused Amazon to Breach ......................................................................................... 10

        2.  Sanders' Claim for Tortious Interference with Business Relations with
            Amazon Fails Because It has not Plausibly Alleged that dbest Disrupted its
            Relationship with Amazon......................................................................................... 10

        3.  Sanders' Claim for Tortious Interference with Prospective Economic
            Relations with Amazon Buyers Fails Because it has not Plausibly Alleged that
            dbest's Complaint was Independently Tortious or Identified a Specific Buyer ......... 11

    D.  Sanders Fails to State a Claim for Unfair Competition Because it Does Not
        Plausibly Allege Misappropriation or Palming Off........................................................ 13

V.      CONCLUSION ................................................................................................ 14

# TABLE OF AUTHORITIES

CASES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................. 2, 10

*Bangkok Crafts Corp. v. Capitolo di San Pietro in Vaticano*, 331 F. Supp. 2d 247
(S.D.N.Y. 2004) .......................................................................................................... 15

*Bath Petrol. Storage, Inc. v. Market Hub Partners, L.P.*, No. 007302, 2000 U.S. App.
LEXIS 25440 (2d Cir. Oct. 11, 2000) ...................................................................... 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................... 3, 10

*C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340 (Fed. Cir. 1998) ............................ 4

*Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 547 F.3d 115 (2d Cir. 2008) ..................... 10, 13

*CDC Newburgh Inc. v. STM Bags, LLC*, 692 F.Supp.3d 205 (S.D.N.Y. 2023) .............. 13, 14, 15

*Dominant Semi. Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254 (Fed. Cir. 2008) ................... 3, 4, 5

*E. R. R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961) ................................ 4

*EDF Renewable Dev., Inc. v. Tritec Real Est. Co.,* 147 F. Supp. 3d 63 (E.D.N.Y. 2015) ............. 9

*Editor's Pick Luxury LLC v. Red Points Sols. SL*, No. 1-22-cv-07463-(ALC), 2023 U.S.
Dist. LEXIS 177023 (S.D.N.Y. Sept. 29, 2023) ................................................................ 12, 13

*Eminah Props. LLC v. Energizer Holdings, Inc.*, 531 F. Supp. 3d 593 (E.D.N.Y. 2021) ............ 12

*Evliyaoglu Tekstil A.S. v. Turko Textile LLC,* No. 19-CV-10769 (LJL), 2020 U.S. Dist.
LEXIS 244703 (S.D.N.Y. Dec. 30, 2020) ........................................................................ 14

*Globetrotter Software, Inc. v. Elan Comput. Grp., Inc.*, 362 F.3d 1367 (Fed. Cir. 2004) .......... 4, 8

*Golan v. Pingel Enters., Inc.*, 310 F.3d 1360 (Fed. Cir. 2002) ................................................. 4, 5

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318 (Fed. Cir. 1998) ........................ 3

*ITC Ltd. v. Punchgini, Inc.*, 9 N.Y.3d 467, 880 N.E.2d 852, 858,
850 N.Y.S.2d 366 (N.Y. 2007) ......................................................................................... 16

*Kilopass Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302 (Fed. Cir. 2013) ...................................... 5

*Kirch v. Liberty Media Corp.*, 449 F.3d 388 (2d Cir. 2006) ................................................... 11

*Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 668 N.E.2d 1370,
646 N.Y.S.2d 76 (1996) ................................................................................................. 11

*Major League Baseball Props., Inc. v. Opening Day Prods., Inc.*, 385 F. Supp. 2d 256
(S.D.N.Y. 2005) ............................................................................................................... 15

*Matthews Int'l Corp. v. Biosafe Eng'g, LLC*, 695 F.3d 1322 (Fed. Cir. 2012) ........................ 4, 5

*Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294 (2d Cir. 2022) ............................................. 2

*Mut. Pharm. Co. v. Bartlett*, 570 U.S. 472, 480 (2013) ....................................................... 3

*Papasan v. Allain*, 478 U.S. 265 (1986) ............................................................................... 3

*Primetime 24 Joint Venture v. NBC Broadcasting, Co., Inc.*, 219 F.3d 92 (2d Cir. 2000) ........... 7

*Professional Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49 (1993) ............ 4

*RFP LLC v. SCVNGR, INC.*, 788 F.Supp.2d 191 (S.D.N.Y. 2011) ............................................ 12

*Rich v. Fox News Network, LLC*, 939 F.3d 112 (2d Cir. 2019) ..................................................... 11

*Saratoga Vichy Spring Co. v. Lehman*, 625 F.2d 1037 (2d Cir. 1980) ........................................ 15

*Sorias v. Nat'l Cellular USA, Inc.*, 124 F. Supp. 3d 244, 261 (E.D.N.Y. 2015) ........................... 3

*Twin City Bakery Workers & Welfare Fund v. Astra Aktiebolag*, 207 F. Supp. 2d 221
    (S.D.N.Y. 2002) ........................................................................................................................ 8

*U.S. Philips Corp. v. Princo Corp.*, No. 02 Civ. 246 (CLB), 04 Civ. 2825 (CLB), 2005
    U.S. Dist. LEXIS 6820 (S.D.N.Y. Jan. 24, 2005) .............................................................. 7, 9

*Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141 (2d Cir. 2020) ................................................ 3

*Virtue v. Creamery Package Mfg.*, 227 U.S. 8 (1913) ................................................................... 7

*Von Rohr Equip. Corp. v. Tanner Bolt & Nut Corp.*, No. 17-CV-2913 (NGG) (RER),
    2017 U.S. Dist. LEXIS 184539 (E.D.N.Y. Nov. 7, 2017) ...................................................... 14

*Ycf Trading Inc. v. Skullcandy, Inc.*, No. 24-cv-02540 (MKB) 2025 U.S. Dist. LEXIS
    57779 (E.D.N.Y. March 27, 2025) ......................................................................................... 14

<u>STATUTES</u>

28 U.S.C. § 1338(a) ........................................................................................................................ 3

35 U.S.C. § 271(d) ........................................................................................................................... 5

<u>RULES</u>

Federal Rule of Civil Procedure 12(b)(6) .................................................................................. 2, 4

## I.    INTRODUCTION

This is a case about patent infringement. dbest products, Inc. ("dbest") reported to Amazon that certain products sold by Sanders Collection Inc. ("Sanders") infringe dbest's U.S. Patent No. 12,103,576 ("'576 Patent"). In response, Amazon delisted the accused products. Sanders now seeks more than declaratory relief of non-infringement; it also asserts state law tort claims aimed at recovery damages. These additional claims, however, are legally deficient and should be dismissed for several reasons.

First, federal patent law preempts state tort claims arising from patent enforcement activities unless the plaintiff plausibly alleges that the patentee acted in bad faith. Sanders fails to make such a showing, relying solely on conclusory allegations without factual support.

Second, Sanders' claims are independently barred by the Noerr-Pennington doctrine, which protects petitioning activities under the First Amendment—such as notifying Amazon of patent infringement—absent a showing of sham litigation. Sanders has not plausibly alleged that dbest's actions meet this high threshold.

Third, Sanders' allegations for its state law claims fail to plausibly plead the elements of any species of tortious interference or the elements of unfair competition under New York law.

For these and other reasons set forth below, and to streamline discovery in this patent infringement case, the Court should dismiss the state law tort claims with prejudice.

## II.    FACTUAL BACKGROUND

Sanders imports and sells various home and hospitality products through its website and on Amazon. (Dkt. 1, ¶¶ 14, 16). dbest is the assignee of the '576 Patent, issued to inventor Richard Elden, dbest's founder and CEO, and titled "Stackable Collapsible Carts." (*Id.*, ¶¶ 22-24).

In November 2024, Amazon notified Sanders that certain product listings were being delisted following a notice by dbest alleging patent infringement. (*Id.*, ¶¶ 25-28 and Ex. 3). The notice identified the '576 Patent, provided dbest's contact information, and listed the affected

Amazon Seller Identification Numbers (ASINs). (*Id.*) Amazon offered Sanders the opportunity to resolve the dispute by submitting evidence of compliance or securing authorization or a license from dbest. (Dkt. 1, ¶¶ 25-30).

In response, Sanders' counsel sent a letter to Amazon simply asserting that Sanders' Accused Products "do not infringe on the '576 Patent and the [Accused Products] should be reinstated" but Amazon or its representatives have yet to respond. (*Id.*, ¶¶ 32-33). Sanders' counsel then emailed a letter to the email address provided in Amazon's notice, presenting three non-infringement arguments, demanding "immediate retraction of the Amazon complaint," and reserving its rights to sue dbest. (*Id.*, ¶¶ 34, 35, and Ex. 4). dbest's representative, Kuae Pereira, replied via email on December 17, 2024 stating:

> *We acknowledge the receipt of your email. We are currently analyzing it and will get back to you as soon as possible. Thanks.*

(*Id.* ¶ 36). On December 31, 2024, Sanders filed this action, seeking declaratory judgment of non-infringement of the '576 Patent (¶¶ 39-43), and asserting state law claims for tortious inference (¶¶ 44-53), and unfair competition (¶¶ 54-59).

## III.    LEGAL STANDARDS

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 298-99 (2d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. at 299 (quoting *Iqbal*, 556 U.S. at 678). When evaluating whether a complaint clears this bar, the Court must "accept as true all the factual allegations in the complaint" and "draw[] all reasonable inferences in the plaintiff's favor." *Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). But the plaintiff's "obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## IV.    ARGUMENT

### A.    Federal Patent Law Preempts Sanders' State Law Claims

Under the Supremacy Clause of the U.S. Constitution, U.S. Const. art. VI, cl. 2, "it has long been settled that state laws that conflict with federal law are 'without effect.'" *Mut. Pharm. Co. v. Bartlett*, 570 U.S. 472, 480 (2013). Moreover, Federal Circuit law applies to the question of "whether state-law tort claims are preempted by federal patent law." *Dominant Semi. Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008) (affirming summary judgment for patentee on preemption). *See also Sorias v. Nat'l Cellular USA, Inc.*, 124 F. Supp. 3d 244, 261 (E.D.N.Y. 2015) (dismissing unfair competition claims as preempted).

Federal patent law preempts state tort claims for publicizing a patent in the marketplace unless the plaintiff can show that the patent holder acted in bad faith. *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1336 (Fed. Cir. 1998). Thus, when a plaintiff brings a state-law tort claim that arises out of a patentholder's good faith communication warning that products infringe its patent, federal patent law preempts state-law tort liability. *Globetrotter Software, Inc. v. Elan Comput. Grp., Inc*., 362 F.3d 1367, 1374 (Fed. Cir. 2004); *Dominant Semiconductors*, 524 F.3d at 1260.

Preemption applies unless the plaintiff plausibly alleges that the patentee acted in bad faith—a standard requiring both objective and subjective components. *Globetrotter*, 362 F.3d at 1375-77 (citing *E. R. R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961) and *Professional Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49 (1993)). "The

law recognizes a presumption that the assertion of a duly granted patent is made in good faith; this presumption is overcome only by affirmative evidence of bad faith." *Golan v. Pingel Enters., Inc.*, 310 F.3d 1360, 1371 (Fed. Cir. 2002) (quoting *C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1370 (Fed. Cir. 1998) (internal citation omitted)). *See also Matthews Int'l Corp. v. Biosafe Eng'g, LLC*, 695 F.3d 1322, 1332 n.5 (Fed. Cir. 2012) (affirming dismissal of unfair competition claim on federal preemption grounds where declaratory judgment plaintiff made only "bald assertions that [defendant] acted in 'bad faith'"). Therefore, "bad faith must be alleged and ultimately proven, even if bad faith is not otherwise an element of the tort claim." *Dominant Semiconductors*, 524 F.3d at 1260.

"Bad faith includes separate objective and subjective components." *Id.* Under the objective prong, the claimant must show that the patentee has "pursu[ed] [] claims so baseless that no reasonable litigant could realistically expect to secure favorable relief." *Id.* at 1261 (quoting *Professional Real Estate*, 508 U.S. at 62). Thus, "the bad faith standard [] cannot be satisfied in the absence of a showing that the claims asserted were objectively baseless,"—i.e., "that no reasonable litigant could reasonably expect success on the merits." *Id.* at 1260 (citations and quotations omitted). Under the subjective prong, a claimant must show that the lack of objective foundation for its claim "was either known to the patentee or so obvious that it should have been known..." *Kilopass Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302, 1310 (Fed. Cir. 2013).

Here, Sanders fails to allege that dbest's notice to Amazon was objectively baseless or that dbest knew or should have known of its baselessness. dbest's allegedly tortious act— notifying Amazon that certain of Sanders' listings are for products that infringe dbest's '576 Patent—is governed and protected by federal patent law. Sanders does not allege, much less show, that dbest's infringement claim is "so baseless that no reasonable litigant could realistically expect to secure favorable relief," *Dominant Semiconductors*, 524 F.3d at 1261, let alone that dbest knew that its "infringement allegations were so unreasonable as to be objectively baseless," *Matthews Int'l Corp. v. Biosafe Eng'g, LLC*, 695 F.3d 1322, 1332 (Fed. Cir. 2012), or

that this was "so obvious" that it should have been known. *Kilopass,* 738 F.3d at 1310.  The law presumes infringement complaints are made in good faith. *Golan*, 310 F.3d at 1371.[1]

    Merely asserting "bad faith" is insufficient to avoid preemption under federal patent law. Courts require concrete factual allegations that overcome the presumption that patent holders act in good faith. Here, Sanders alleges that *after* Amazon delisted its collapsible shopping carts, its counsel emailed dbest asserting three noninfringement arguments. (Dkt. ¶ 34 and Ex. 4). dbest's representative responded with the message: "We acknowledge the receipt of your email. We are currently analyzing it and will get back to you as soon as possible. Thanks." Sanders nonetheless alleges that "dbest in bad faith refused to withdraw this complaint notice after being shown that the Accused Products do not contain the material limitations disclosed in the '576 Patent." (*Id.*, ¶ 36). (Dkt. 1, ¶ 36). This sequence does not plausibly show that dbest's earlier notice to Amazon was objectively baseless or that dbest knew or should have known as much when it acted. That dbest wanted time to analyze Sanders' non-infringement arguments cannot support an inference dbest's infringement complaint to Amazon—weeks earlier—was made in bad faith. Sanders' allegations fall far short of what is required to establish bad faith and avoid preemption.

    Moreover, Congress has expressly affirmed the right of patent holders to enforce their rights without risk of liability for misuse or illegal extension of the patent. Under 35 U.S.C. § 271(d), "[n]o patent owner otherwise entitled to relief for infringement or contributory infringement of a patent shall be denied relief or deemed guilty of misuse or illegal extension of the patent right by reason of his having... (3) sought to enforce his patent rights against infringement or contributory infringement." dbest's notification to Amazon falls squarely within the scope of this statutory protection.

---

[1] Recognizing that the Court must accept a complaint's fact allegations as true in deciding a motion to dismiss under Fed. R. 12(b)(6), dbest does not argue here that its infringement allegations were, and continue to be, well-founded. But dbest intends, when it answers the Complaint, to deny Sanders' allegation that the accused products do not infringe the '576 Patent and to bring a counterclaim for infringement of that patent. [ECF No. 11].

Absent factual allegations showing both the objective lack of merit and knowledge thereof, Sanders cannot overcome the presumption of good faith. The state law claims are therefore preempted and should be dismissed.

### B.    Noerr-Pennington Doctrine Bars Sanders' State Law Claims

The Noerr-Pennington doctrine protects parties from liability for exercising their First Amendment right to petition the government, including through pre-ligation enforcement of intellectual property rights. *See Primetime 24 Joint Venture v. NBC Broadcasting, Co.*, 219 F.3d 92, 100 (2d Cir. 2000) (noting that "good faith litigation to protect a valid copyright … falls within the protection of the Noerr-Pennington doctrine"). Noerr-Pennington protects a patentee who informs a plaintiff's customers of patent infringement. *U.S. Philips Corp. v. Princo Corp.*, No. 02 Civ. 246 (CLB), 04 Civ. 2825 (CLB), 2005 U.S. Dist. LEXIS 6820, *14-15 (S.D.N.Y. Jan. 24, 2005) (dismissing antitrust counterclaim based on the patentee's communications of patent infringement allegations to the plaintiff's customers).

In *Princo*, the District Court explained that "[t]he Supreme Court has held for nearly one hundred years that "patents would be of little value if infringers of them could not be notified of the consequences of infringement. . . Such action considered by itself cannot be said to be illegal." *Id.* (quoting *Virtue v. Creamery Package Mfg.*, 227 U.S. 8, 37-38 (1913)). The Court continued to acknowledge that "[o]ne of the most basic ownership rights of a patentholder is the right to inform an infringer that it is regarded as an infringer." *Id.* The district court concluded that the patentee's communications with the defendants' customers were lawful pre-litigation communications, stating "[t]his Court recognizes a patent holder's property interest in its lawful monopoly." It explained "Noerr-Pennington acknowledges the importance of litigation in pursuing those interests." The *Princo* court rejected the claimant's argument that the patentee did not act in good faith because it knew certain patents were nonessential and unenforceable,

finding that those conclusory arguments did not change the essential fact that the patentee was permitted to protect its property interest by communicating about alleged infringement. *Id.* at *15-16.

For those reasons, a narrow "sham" exception applies only when the enforcement activity is both objectively baseless and subjectively motivated by an intent to interfere with a competitor through improper means. *See Bath Petrol. Storage, Inc. v. Market Hub Partners, L.P.*, No. 007302, 2000 U.S. App. LEXIS 25440, at *3 (2d Cir. Oct. 11, 2000) (affirming district court's dismissal of a claim under the Noerr-Pennington doctrine); *Globetrotter Software*, 362 F.3d at 1377 ("the same First Amendment policy reasons that justify the extension of Noerr Pennington immunity to pre-litigation conduct in the context of federal antitrust law apply equally in the context of state law tort claims."); *Professional Real Estate*, 508 U.S. at 60 (to invoke the "sham" exception to the doctrine, a party must allege that the lawsuit is "objectively baseless in the sense that no reasonable [person] could realistically expect success on the merits.").

If a court first determines that the challenged litigation is objectively meritless, it may then examine the litigant's subjective motivation. *Id.* at 50. "Where possible … this analysis should be addressed to the face of the complaint, in order to avoid chilling a litigant's exercise of the right to petition." *Twin City Bakery Workers & Welfare Fund v. Astra Aktiebolag*, 207 F. Supp. 2d 221, 223 (S.D.N.Y. 2002) (finding underlying litigation not to be a sham and granting motion to dismiss claims based on the doctrine). Immunity under the Noerr-Pennington doctrine attaches regardless of whether the claim is based on a state or a federal cause of action. *EDF Renewable Dev., Inc. v. Tritec Real Est. Co.,* 147 F. Supp. 3d 63 (E.D.N.Y. 2015) (granting motion to dismiss tortious interference claim as barred by Noerr-Pennington doctrine).

Here, Sanders has not plausibly alleged that dbest's notice to Amazon was objectively baseless or motivated by any bad faith. As discussed, the patent enforcement notice was supported by an issued patent and accompanied by a good-faith willingness to review Sanders' claims. Sanders' own filing of a declaratory judgment action further confirms the existence of an actual dispute. That alone precludes application of the sham exception.

Sander's state law tort claims both depend on allegations that dbest complained to Amazon accusing Sanders of patent infringement. For tortious interference, it alleges that "dbest sent a written complaint to Amazon.com accusing Sanders of patent infringement, with the specific intent that Amazon.com terminate Sanders' listings for its Accused Products." (ECF 1, ¶ 47). For unfair competition, it alleges that "dbest knowingly and maliciously contacted Amazon.com regarding Sanders' alleged infringement without first informing Sanders of the '576 Patent or Sanders' alleged infringement of the '576 Patent prior to contacting Amazon.com." (*Id.*, ¶ 56). But Sanders has not alleged that dbest's assertion of its patent rights to Amazon was a "mere sham." Nor has it plausibly alleged facts showing that dbest's infringement complaint to Amazon was a "mere sham."

Indeed, if Sanders believed the threat of a lawsuit was a mere sham, it would not have alleged that an actual controversy exists, giving it Article III standing for its declaratory judgment claim. (*Id.*, ¶ 9).  But like the party asserting counterclaims in *Princo*, Sanders has not offered evidence that dbest's complaint to Amazon was anything other than threatening lawful activity protected by Noerr-Pennington. *See Princo,* 2005 U.S. Dist. LEXIS 6820, at *16 (finding claimant's arguments against applying the doctrine conclusory and insufficient to overcome the doctrine where it had offered no evidence that patent enforcement activities were a sham or anything other than lawful activity protected by the doctrine). Therefore, the Noerr-

Pennington doctrine independently bars Sanders' state law tort claims, and they should be dismissed.

### C.    Sanders Fails to State a Claim for Tortious Interference Under New York law

Even if not preempted or barred, Sanders' state law claim for tortious interference fails to meet the basic elements required under New York law. New York recognizes causes of action for tortious interference with contract, tortious interference with a business relationship, and tortious interference with prospective economic relations.[2]

Here, Sanders' second cause of action is simply titled "Tortious Interference," offering no notice or indication as to which theory it intends to pursue. Because it is unclear which specific theory Sanders intends to invoke—and because each has distinct legal requirements—the Complaint fails to comply with the *Twombly* and *Iqbal* pleading standard. Each potential theory is analyzed separately below.

#### 1.    The Complaint does not State a Claim for Tortious Interference with Contract Because it has not Alleged a Contract or that dbest's Infringement Notice Caused Amazon to Breach

Under New York law, the elements of a claim for tortious interference with contract are "(1) the existence of a valid contract between the plaintiff and a third party, (2) defendant's knowledge of that contract, (3) defendant's intentional procurement of the third-party's breach of the contract without justification, (4) actual breach of the contract, and (5) damages resulting therefrom." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 126-27 (2d Cir. 2019) (quoting *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 668 N.E.2d 1370, 646 N.Y.S.2d 76

---

[2] The Second Circuit has described tortious interference with prospective economic relations as an alternative name for tortious interference with business relations. *See Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 547 F.3d 115, 132 (2d Cir. 2008). We treat them separately here because some courts identify the elements differently.

(1996)). Here, Sanders does not identify any breached contract, let alone one procured by dbest. It instead alleges "economic relationships" with Amazon and with unnamed end-user customers. (Dkt. 1, ¶ 45). It has not alleged that dbest intentionally procured Amazon's breach of a contract with Sanders or even that Amazon breached that contract by terminating Sanders' listings after receiving dbest's complaint of patent infringement. (*Id.*, ¶¶ 47-50). Nor does it allege that dbest intentionally procured breaches of contracts by end-user customers. Thus, Sanders fails to state a claim for tortious interference with contract.

### 2. Sanders' Claim for Tortious Interference with Business Relations with Amazon Fails Because It has not Plausibly Alleged that dbest Disrupted its Relationship with Amazon

To allege tortious interference with a business relationship, a "plaintiff must allege that (1) it had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 400 (2d Cir. 2006).

Here, Sanders alleges that dbest's infringement complaint "disrupted" its relationships with Amazon and unidentified end-user customers because it intended that Amazon terminate the listings for the Accused Products. But the mere assertion that Sanders' listings were removed from Amazon does not amount to interference by malice, or by dishonest, unfair or improper means. *See Editor's Pick Luxury LLC v. Red Points Sols. SL*, No. 1-22-cv-07463-(ALC), 2023 U.S. Dist. LEXIS 177023, *10 (S.D.N.Y. Sept. 29, 2023) (failure to sufficiently allege that malice rather than economic self-interest, motivated defendant to report infringement to Shopify defeated intent element; dismissing tortious interference claims).

Additionally, Sanders has not alleged that dbest's complaint to Amazon "ended the relationships" or prevented it from continuing to do other business on Amazon. On the contrary,

it alleges, in the present tense, that it markets and sells its products through a third-party e-commerce portal on Amazon. (Dkt. 1, ¶ 16). The allegations such as that "dbest's written notice of infringement to Amazon may lead to the complete suspension of Sanders' entire Amazon seller account" are pure speculation. (Dkt. 1, ¶ 51).

Indeed, district courts have consistently held that enforcement of IP rights on e-commerce platforms does not constitute harm to the underlying business relationship with the platform. *See Eminah Props. LLC v. Energizer Holdings, Inc.*, 531 F. Supp. 3d 593, 607 (E.D.N.Y. 2021) ( "black marks" placed on a seller's eBay account and the removal of listings are not sufficient to establish an injury to the underlying relationship); *RFP LLC v. SCVNGR, INC.*, 788 F.Supp.2d 191, 198 (S.D.N.Y. 2011) (holding that the underlying relationship was undisturbed by a letter alleging infringement although the recipient removed the trademark from promotional materials); *CDC Newburgh Inc. v. STM Bags, LLC*, 692 F.Supp.3d 205, 225 (S.D.N.Y. 2023) (granting  motion to dismiss claim for tortious interference with business relations); *Editor's Pick*, 2023 U.S. Dist. LEXIS 177023, *12 ("The Court questions how seriously Defendants interfered with Plaintiff's continuing business relationship or contract with Shopify, given that its storefront remains intact."). For these reasons, the second cause of action does not state a claim for tortious interference with business relationships.

### 3.    Sanders' Claim for Tortious Interference with Prospective Economic Relations with Amazon Buyers Fails Because it has not Plausibly Alleged that dbest's Complaint was Independently Tortious or Identified a Specific Buyer

Under New York law, a plaintiff must plead four elements to establish a claim for tortious interference with prospective business relations: "(1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the

defendant's acts injured the relationship*" Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 547

F.3d 115, 132 (2d Cir. 2008) "As a general rule, a defendant's conduct must amount to a crime

or an independent tort in order to amount to tortious interference with a prospective economic

advantage." *Friedman  v. Coldwater Creek, Inc.*, 321 F. App'x 58, 60 (2d Cir. 2009)(internal

quotation omitted). "A defendant who has not committed a crime or independent tort or acted

solely out of malice may nevertheless be liable if he has employed 'wrongful means.'" *Id.*

"Wrongful means" include misrepresentations, among other things. *Id.* But not every

misrepresentation will provide a basis for a claim for tortious interference with prospective

economic advantage. *Id.* "[T]he plaintiff must allege that it was "actually and wrongfully

prevented from entering into or continuing in a specific business relationship.'" *Evliyaoglu*

*Tekstil A.S. v. Turko Textile LLC,* No. 19-CV-10769 (LJL), 2020 U.S. Dist. LEXIS 244703, at *5

(S.D.N.Y. Dec. 30, 2020) (quoting *Von Rohr Equip. Corp. v. Tanner Bolt & Nut Corp.*, No. 17-

CV-2913 (NGG) (RER), 2017 U.S. Dist. LEXIS 184539, 2017 WL 5184676, at *7 (E.D.N.Y.

Nov. 7, 2017)).  New York courts have rejected, for example, claims containing "only a general

allegation of interference with customers without any sufficiently particular allegation of

interference with a specific . . . business relationship." *YCF Trading Inc. v. Skullcandy, Inc.*, No.

24-cv-02540 (MKB) 2025 U.S. Dist. LEXIS 57779, *51 (E.D.N.Y. March 27, 2025) (granting

motion to dismiss tortious interference claim based on submitting reports of counterfeiting to

Amazon).

Here, Sanders' allegations are woefully deficient. Sanders has not alleged a single

identifiable lost customer or contract, nor has it alleged independently tortious conduct by dbest.

As discussed above, Sanders does not allege any facts that support a reasonable inference that

dbest's infringement complaint was made in bad faith, and thus, "by wrongful means." (Dkt. 1,

¶¶ 47, 48). And without supporting factual allegations, allegations of malice, oppression, and fraud are conclusory, need not be treated as true, and are insufficient. *See CDC Newburgh*, 692 F. Supp.3d at 225 (Plaintiff's accusations that defendants "acted with actual malice or with reckless disregard for the truth of [reports to Amazon of infringement]" and submitted those reports to Amazon "with the intent to injure Plaintiff without regard for the accuracy of the statements" were, absent supporting factual allegations, conclusory, and insufficient to allege bad faith).

For these reasons, as well as preemption and the Noerr-Pennington doctrine, the Complaint fails as a matter of law to state a claim for tortious interference with prospective economic relations. Because Sanders has failed to plausibly allege any kind of tortious interference, the second cause of action should be dismissed.

### D.    Sanders Fails to State a Claim for Unfair Competition Because it Does Not Plausibly Allege Misappropriation or Palming Off

"The standard of unfair competition under New York law is a virtual cognate of the federal Lanham Act and is predicated on the theory of the misappropriation of a claimant's commercial goodwill." *Bangkok Crafts Corp. v. Capitolo di San Pietro in Vaticano*, 331 F. Supp. 2d 247, 255 (S.D.N.Y. 2004) (internal citation omitted). To demonstrate unfair competition the claimant must show "a likelihood of confusion or deception of the consuming public as to the source of the allegedly infringing product and bad faith on the part of plaintiffs." *Major League Baseball Props., Inc. v. Opening Day Prods., Inc.*, 385 F. Supp. 2d 256, 269 (S.D.N.Y. 2005). The essence of an unfair competition claim is that "the defendant has misappropriated the labors and expenditures of another." *Saratoga Vichy Spring Co. v. Lehman*, 625 F.2d 1037, 1044 (2d Cir. 1980)).

New York Court law has "long recognized two theories of common-law unfair competition: palming off and misappropriation." *CDC Newburgh*, 692 F. Supp.3d at 225

(dismissing claim for unfair competition based on complaints to Amazon) (citation omitted). Palming off is the "sale of the goods of one manufacturer as those of another." *ITC Ltd. v. Punchgini, Inc.*, 9 N.Y.3d 467, 880 N.E.2d 852, 858, 850 N.Y.S.2d 366 (N.Y. 2007). Misappropriation prevents individuals from "misappropriate[ing] the results of the skill, expenditures and labors of a competitor." *Id.* at 858 (internal quotation marks and citation omitted).

Here, Sanders does not allege palming off or misappropriation of another's labors, skills or expenditures. There is also no claim of misappropriation of trade dress, product design, customer goodwill, or other proprietary interest. Sanders has not alleged that members of the public are likely to be confused as to the source of dbest's products because of dbest's private notice to Amazon.

Reporting suspected infringement to Amazon does not constitute unfair competition. Without an allegation of consumer deception or misappropriation, the unfair competition claim must be dismissed.

## V.    CONCLUSION

Sanders' state law claims are deficient in multiple, independent respects. They are preempted by federal patent law, barred by the Noerr-Pennington doctrine, and fail to satisfy the elements required under New York law. Because amendment would be futile, the Court should dismiss Sanders' second and third causes of action with prejudice.

Dated: April 4, 2025                    Respectfully submitted,

                                        MERTZEL LAW PLLC

                        By:    */s/ Nancy J. Mertzel*
                                 Nancy J. Mertzel
                                1204 Broadway, 4th Floor
                                New York, NY 10001
                                Tel: 646-965-6900

ORBIT IP, LLP
Ehab M. Samuel (pro hac vice to be filed)
David A. Randall
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
Tel: 310-887-1333

*Attorneys for Defendant*

**CERTIFICATION OF WORD COUNT**

I hereby certify that the word count of this memorandum of law complies with

the word limits of Rule 7.1 of the Local Rules of the United States District Courts for the

Southern and Eastern Districts of New York ("Rule 7.1"). According to the word-processing

system used to prepare this memorandum of law, the total word count for all printed text

exclusive of the material omitted under is Rule 7.1 is 4,458 words.


Dated:  April 4, 2025                          _____/s/ Nancy J. Mertzel___

**EXHIBIT 1**

**Chart Pursuant to individual Practice ¶8.G.i**

| Second Claim for Relief | Elements Not Plausibly Alleged |
|---|---|
| Tortious Interference With Contract | • Failure to identify a contract allegedly breached<br>• Failure to allege dbest intentionally procured Amazon's breach of such contract or that terminating Plaintiff's listings constitutes a breach of contract<br>• Failure to allege dbest intentionally procured a breach of contract by end users |
| Tortious Interference with Business Relations | • Failure to allege with supporting factual allegations that dbest acted solely out of malice, or used dishonest, unfair or improper means, rather than economic self-interest<br>• Failure to allege an end of such relationships given the allegation that Plaintiff presently markets and sells products on Amazon (Dkt 1, ¶ 16) |
| Tortious Interference with Prospective Economic Relations | • Failure to allege a lost customer or contract<br>• Failure to allege with supporting factual allegations wrongful means, i.e. a crime or independent tort, or that dbest acted solely out of malice and without regard for the accuracy of its statements |
| **Third Claim for Relief** | **Elements Not Plausibly Alleged** |
| Unfair Competition | • Failure to allege misappropriation or passing off |